# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ATARI A. ENDSLEY, | : |
| Plaintiff, | : |
| v. | : 5:07-CV-209 (HL) |
| CITY OF MACON, CHIEF OF POLICE MIKE BURNS, OFFICER TRACEY STANLEY, OFFICER EMMETT BIVINS, | : |
| Defendants. | : |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. 18), Plaintiff's Motion for Default Judgment (Doc. 27) and Plaintiff's Motion for Reconsideration (Doc. 28). In both the Motion for Default Judgment and Motion for Reconsideration, Plaintiff argues that default judgment is appropriate because Defendant did not file a Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. A movant is not obligated, however, to file a reply to an opposing party's response. Default judgment may only be entered when a party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Failing to file an answer to a complaint constitutes such a failure, but declining to file a reply does not. The Motion for Default Judgment and Motion for Reconsideration are therefore denied. For the reasons explained more fully below, Defendant's Motion for Summary

Judgment is granted.

## I. BACKGROUND

While traveling on his motorcycle on March 19, 2005, Plaintiff collided with a car and was injured in the resulting accident. Shortly thereafter, the investigating officer, Officer Tracey Stanley, arrived on the scene. After speaking with two eye witnesses, Adam Miche and off-duty police officer Emmett Bivins, he determined that Plaintiff was at fault for the collision and issued him a citation for reckless conduct with a motor vehicle. Plaintiff alleges that Officer Stanley failed to perform a complete and thorough investigation into the accident, and specifically that he failed to follow Macon Police Department's "General Order 2.22" and "Georgia Standard Operating Procedure 16-2."[1] Plaintiff claims that this allegedly half-hearted investigation resulted in the violation of his civil rights, including due process, the right to be heard, and equal protection. In addition to suing Officer Stanley individually and in his official capacity, Plaintiff holds the City of Macon accountable for failing to train Officer Stanley on accident traffic investigation procedures.

A trial was held on the charge in the traffic citation, and Officer Bivins provided testimony. Plaintiff asserts that Officer Bivins's testimony amounted to "unfair surprise" because the witness was not subpoenaed to appear. Plaintiff also complains of inconsistent testimony at this trial and the introduction of hearsay statements. He alleges that the inconsistent testimony demonstrates that

---

[1]Plaintiff has not provided the Court with copies of these documents.

"Defendants" acted with "recklessness, actual and sheer malice and without any regard for the truth or Plaintiff's rights." Compl. ¶ 13. At the conclusion of the trial, a municipal court judge found Plaintiff guilty of the lesser charge of driving too fast for conditions and fined him $75 plus court costs. Plaintiff asserts that these facts demonstrate Officer Bivins, while acting in his official capacity, violated his Sixth Amendment right to confront and cross examine the witnesses against him and his due process rights.

On April 10, 2006, after the municipal court trial on Plaintiff's traffic citation, Plaintiff filed an administrative complaint against Officer Stanley with the Macon Police Department Internal Affairs Office, which he maintains is under the supervision and management of Chief of Police Burns. He claims he received a letter from Internal Affairs Commander Captain Carolyn Glover informing him that his claim would be investigated within 60 days, but he has provided neither a copy of that letter nor documentary or deposition testimony regarding the complaint investigation process. He then claims that he received a letter from Director of Internal Affairs Captain Wayne Avery informing him that no disciplinary action had been taken in response to his complaint. Plaintiff's Complaint states that the City of Macon gave testimony under oath that no reason was given for the failure to discipline. Again, however, Plaintiff has provided no proof of any of these facts outside of the verified allegations of his Complaint. According to Plaintiff, Chief Burns violated his right to due process and a fair hearing by failing to take

disciplinary action against Officer Stanley.

In the present case, Plaintiff asserts a cause of action under § 1983 for violation of his civil rights, as detailed above. He seeks damages in the sum of $10,000,000 against Defendants City of Macon, Chief Burns, Officer Stanley, and Officer Bivins.[2]

Plaintiff also filed a lawsuit against the City of Macon, the Macon Police Department, Officer Stanley, and Officer Bivins in the Superior Court of Bibb County in the State of Georgia alleging professional negligence for the inadquate investigation of the accident and defamation of character based on statements contained in the accident report and those that the officers made in court. In an Order dated January 3, 2008, the superior court granted summary judgment and dismissed the claims against all the defendants on a number of grounds. Under O.C.G.A. § 36-33-5, before suing a municipal corporation, a party must provide the municipal corporation with an ante litem notice. The court held that the Plaintiff's ante litem notice was timely with regard to claims based on statements made during the municipal court trial, but not with respect to claims arising out of the accident itself. It dismissed claims based on the statements that the officers made at trial

---

[2]The Complaint does not clearly state whether it is brought against the individual Defendants in the official or individual capacities, but the Court construes it liberally to include both possibilities.

because the officers enjoyed absolute immunity for trial testimony.[3] The court also held that the statute of limitations had tolled on any allegedly defamatory statements made at the scene of the accident or at trial. Finally, the court held that Plaintiff's claim for negligence against the Macon Police Department for Officer Stanley's alleged failure to comply with standard operating procedure had to be dismissed because there was no disputed issue of material fact regarding whether such negligence caused an injury to Plaintiff.

## II. ANALYSIS

### A. Standard on a Motion for Summary Judgment

Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court takes the facts in the light most favorable to the nonmoving party. Stanley v. City of Dalton, 219 F.3d 1280, 1287 (11th Cir. 2000). The initial burden lies on the movant to demonstrate that the nonmovant lacks evidence to support an essential element of its claim. Lowe v. Aldridge, 958 F.2d 1565, 1569 (11th Cir. 1992). The burden then shifts to the nonmovant, who must come forward with some evidence that would allow a jury to find in his favor, even if the parties dispute that evidence. Id. This evidence must be more than mere conclusory allegations or legal conclusions.

---

[3] Contrary to Plaintiff's understanding of the court's ruling, the court made no factual finding regarding whether there was evidence of actual malice. Instead, it held that even if Plaintiff could prove malice, the defendants were still protected by immunity.

Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). If the evidence that the nonmovant presents, however, is "merely colorable" or "not significantly probative," then summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## B. Res Judicata

Federal courts considering the claim preclusive effect of a state court[4] judgment must observe the res judicata law of the state that rendered the initial judgment. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 85 (1985); Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373 (1996). In Georgia, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." O.C.G.A. § 9-12-40. Res judicata bars an action when a judgment on the merits was issued by the first court and three elements are present: "adjudication by a court of competent jurisdiction in the first action; identity of parties and subject matter in both actions; and the party against whom res judicata is raised must have had a full and fair opportunity to litigate in the

---

[4]Plaintiff concedes that state court judgments have a claim preclusive effect in federal court, but argues that superior court judgments do not. This argument, however, is in error. In Georgia, superior courts make up part of the State's court system. See Ga. Const. Art. 6, § 3, ¶ 1. In addition, Georgia law provides that judgments from any court of competent jurisdiction have a claim preclusive effect. O.C.G.A. § 9-12-40. A superior court is competent to hear a Section 1983 claim. See infra Section II.B.1.

6

first action." Sanders v. Trinity Universal Ins. Co., 647 S.E.2d 388, 391 (Ga. App. 2007). Plaintiff presents no evidence that he did not have a full and fair opportunity to litigate his claims in superior court. In addition, the City of Macon, Officer Stanley, and Officer Bivins are identical to the parties in the state court action.[5] The Court therefore turns to the remaining elements of res judicata.

### 1. Judgment on the Merits

A dismissal on ante litem grounds is without prejudice and has no res judicata effect. Jones v. City of Austell, 305 S.E.2d 653, 655 (Ga. App. 1983). Plaintiff states in his Motion that the superior court case "was dismissed summarily due to ante litem issues. The court did not rule on the merits of the case." Pl.'s Resp. at 3. This is not entirely accurate, however. The court ruled that defamation claims based on statements made at the accident and at trial were barred by the statute of limitations, the officers' were immune from liability for statements made during trial, the City was not liable for statements it did not directly authorize, and no party was liable for professional negligence because there was no proof that Plaintiff suffered injury. All of these rulings constitute judgments on the merits.

The court held that Plaintiff failed to comply with the ante litem notice only with regard to claims asserted against the City, and only on those claims that were based

---

[5]Chief Burns was not a party in the superior court action. The Court does not need to address this Defendant's arguments that he should be treated as an identical party, however, because as is explained below, the claims against him arise out of a different set of facts and are therefore not subject to a res judicata defense.

on acts committed on the day of the accident. Even with respect to those claims, however, the court issued an alternative holding on statute of limitations grounds, which would constitute a judgment on the merits. See Doc. 18-3 at § (1)(b); Wilson v. Ortiz, 501 S.E.2d 247, 251 (Ga. App. 1998).

### 2. Adjudication by a Court of Competent Jurisdiction

Plaintiff asserts that because the claims in the present case are a matter of federal question, the Bibb County Superior Court lacked jurisdiction to hear them. Georgia superior courts do, however, have jurisdiction to hear claims arising under § 1983. Wyman v. Popham, 312 S.E.2d 795, 797 (Ga. 1984). The authority that Plaintiff cites does not hold otherwise. See Mitchum v. Foster, 407 U.S. 225, 242 (1972) (holding that § 1983 gives federal courts the power to enjoin state criminal proceedings in certain highly unusual circumstances); England v. La. State Bd. of Med. Examiners, 375 U.S. 411, 466-67 (1964) (addressing the effect of state-court resolution of federal claims during a federal court's abstention on those federal claims); Americana Fabrics, Inc. v. L&L Textiles, Inc., 754 F.2d 1524, 1529-30 (9th Cir. 1985) (noting that a second court may not give claim preclusive effect to a prior judgment when either res judicata is not asserted as a defense or the second court holds res judicata does not apply). The Bibb County Superior Court therefore was a court of competent jurisdiction to hear all of Plaintiff's claims, both federal and state.

### 2. Identity of the Subject Matter

Res judicata not only bars matters that actually were adjudicated, but also those matters that *could have* been put into controversy between the parties. Sanders, 647 S.E.2d at 391. When two claims involve the same underlying facts, i.e., the subject matter is the same, then both claims could have been brought in the initial action. Bennet v. Cotton, 536 S.E.2d 802 (Ga. App. 2000); see, e.g., Perret v. Sumner, 649 S.E.2d 545, 548 (Ga. App. 2007) (holding that claim was barred because it should have been presented in previous action as a compulsory counterclaim). Plaintiff argues that the claims were different in the state court action than those in the present case. Although he is correct that the claims assert different theories of recovery, he is wrong to conclude that this difference matters. Res judicata bars new claims when they are asserted based on "essentially the same facts." Franklin v. Gwinnett County Pub. Schs., 407 S.E.2d 78, 83 (Ga. App.1991).

Although Plaintiff disputes that the claims in the present case arise out of the March 19, 2005 accident, he continually references the accident in explaining his claims. He claims that Officer Stanley's failure to conduct a follow-up interview with Plaintiff regarding the accident deprived him of his rights to an "opportunity to be heard, due process of law and equal protection under the law." Pl.'s Resp. at 9. In addition, in support of his claim that Officer Stanley was deliberately indifferent toward him, Plaintiff cites Officer Stanley's failure to request a traffic investigator, failure to advise each driver to exchange appropriate information, and failure to

subpoena witnesses. The claims against Officer Bivins arise out of the officer's un-subpoenaed and contradictory testimony, which Plaintiff argues had the effect of depriving him of the right to confront and cross-examine the witness in violation of Plaintiff's Sixth Amendment rights.

These claims are all based on the same set of facts that the superior court addressed in adjudicating the claims before it. The superior court's order dealt with claims asserted based on Officer Stanley's failure to follow Macon Police Department operating procedures in his investigation and those claims based on statements the officers made at the scene of the accident and in their trial testimony. Likewise, with one exception, all of Defendant's claims in the case before this Court arise out of Officer Stanley's investigation of the accident and the series of events at trial. The one claim that arises out of different facts is the claim against Chief Burns for his alleged failure to properly investigate and discipline Officer Stanley for his failure to follow the Police Department's operating procedures.

The identity of the subject matter is therefore the same for all claims except that against Chief Burns for his failure to discipline Officer Stanley. Defendants City of Macon, Officer Stanley, and Officer Bivins were all defendants in the Bibb County Superior Court action. And Plaintiff had a full and fair opportunity to litigate all of his claims in the superior court action. All claims pending in this Court against the City of Macon, Officer Stanley, and Officer Bivins are therefore barred by res judicata and are dismissed. The claim against Chief Burns for his failure to act in connection with

10

Plaintiff's administrative complaint, however, is not subject to res judicata.

### C. Claim Against Defendant Burns

Plaintiff's remaining claim against Defendant Burns alleges a violation of his right to due process and fair hearing[6] because Defendant Burns did not discipline Officer Stanley. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). Put differently, "[t]he deprivation of a procedural right to be heard . . . is not actionable when there is no protected right at stake." Gagliardi v. Village of Pawling, 18 F.3d 188 (2d Cir. 1994). In this case, Plaintiff had no liberty or property interest at stake in any disciplinary action taken against Officer Stanley. Even if Chief Burns had investigated Plaintiff's administrative complaint, held a hearing, decided that there was a violation of internal procedure, and disciplined Officer Stanley, Plaintiff would be in no better or worse position. Although he may experience a certain vindication for wrongs he believes he has suffered, personal feelings of vindication are not liberty or property interests that constitutional due process protects. Because Plaintiff cannot demonstrate that he had a liberty or property interest at stake in the discipline of Officer Stanley, he has

---

[6]The right to a fair hearing arises from the constitutional guarantee of due process. See Ibrahim v. United States Immigration & Naturalization Svc., 821 F.2d 1547, 1550 (11th Cir. 1987). The Court's analysis of Plaintiff's due process claim therefore applies with equal force to his right to a fair hearing claim.

not demonstrated that a constitutional violation occurred. The claims against Chief Burns are therefore dismissed.

## III. CONCLUSION

Plaintiff raises a number of miscellaneous concerns in his Response to the Motion for Summary Judgment. He complains that Defendants' Motion for Summary Judgment is untimely. However, under the Court's Scheduling and Discovery Order (Doc. 14), dispositive motions–which include motions for summary judgment–must be filed no later than March 12, 2008. Defendants' Motion was in fact filed on March 12, 2008 and is therefore timely according to the Court's Order. Plaintiff requests sanctions for Defendant's failure to follow the Scheduling and Discovery Order in his Supplementary Response to Defendant's Motion for Summary Judgment. (Doc. 25). That request is denied. His Supplementary Response to Defendants' Motion for Summary Judgment also requested the Court grant Summary Judgment in Plaintiff's favor. As the foregoing analysis demonstrates, such a ruling would be contrary to law. That request is therefore denied and Defendants' Motion for Summary Judgment is granted.

**SO ORDERED**, this the 2nd day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch